**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JERRY L. CARR, Plaintiff | ) | |
| v. | ) | Civil Action No. 1:18-cv-0356 (RC) |
| JEFFERSON B. SESSIONS, *et al.*,[1] Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, the United States of America, Department of Justice ("DOJ"), and Jefferson B. Sessions in his official capacity as Attorney General ("Attorney General), by and through undersigned counsel, respectfully move for dismissal pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of jurisdiction and failure to state a claim upon which relief may be granted, and move to dismiss under Rule 8(a) and 8(d) for failure to set forth a short and plain statement of a claim. The grounds for this motion are set forth in the accompanying memorandum in support. Because consideration of Defendants' Motion to Dismiss could dispose of this case, Plaintiff Jerry L. Carr, proceeding *pro se*, is advised that the Court may dismiss this case if he fails to respond in a timely manner and the Court determines that dismissal is warranted based on Defendant's showing herein. *See Fox v. Strickland,* 837 F.2d 507, 509 (D.C. Cir. 1988); *see also* Local Civil Rule 7(b).

---

[1] This Motion is captioned *Carr v. Sessions*, as consistent with the Court's PACER docket. However, the Complaint is unclear as to which to defendants it intends to name. This Motion to Dismiss and accompanying Memorandum in Support is intended to encompass all federal defendants.

Dated: June 26, 2018

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

/s/

SHERRI L. MORGAN, D.C. Bar # 430767
Special Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2538
Sherri.Morgan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JERRY L. CARR, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 1:18-cv-0356 (RC) |
| JEFFERSON B. SESSIONS, *et al*,[2] | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

On or about February 2, 2018, *pro se* Plaintiff Jerry L. Carr ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 seeking a total of $60 million in compensatory and punitive damages and other relief to "clear his name," naming as Defendants the United States of America, Department of Justice ("DOJ"), and the United States Attorney General ("Attorney General").[3] *See* ECF No. 1 at 2-4, 47-48. Subsequent to Defendants' Motion for Extension of Time to Respond to Plaintiff's Complaint (ECF No. 6), the Court ordered the Attorney General to answer or otherwise respond to the Complaint by June 26, 2018. Because Plaintiff's Complaint fails to state a claim and this Court lacks jurisdiction, Defendants submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss.

---

[2] This Memorandum is captioned, *Carr v. Sessions*, as consistent with the Court's PACER docket. However, the Complaint is unclear as to which to defendants it intends to name. This Memorandum in Support of Defendants' Motion to Dismiss is intended to encompass all federal defendants.

[3] *See supra*, n.2.

Plaintiff's 113-count complaint, 12-page conclusion, and attached exhibits (ECF No. 1 and 1-1) (totalling 273 pages) repetitively, yet incompletely, describes a history of conflict beginning in 1984 with his former employer, Champion International Corporation ("Champion"), and its attorneys, leading to multiple litigations, arrests, and at least two involuntary commitments, as well as reputational harms and economic losses alleged by Plaintiff over the ensuing 34 years. The Complaint details a laundry list of individuals who have had contact with Carr through various legal actions and against whom he complains of multiple and ongoing violations of his rights, including judges, attorneys, and federal agents. The most recent actions of which Carr complains are: 1) his arrest by federal law enforcement officials[4] in February 2007 and subsequent detentions from March 3, 2007, to March 3, 2008; and 2) U.S. District Court Judge Michael R. Barrett's August 16, 2011, denial of his post-conviction Motion to Vacate a pre-existing "no litigation" sanction.

As background to this tableau of losses, the Complaint avers that Carr was terminated from employment by Champion in 1985 and again in 1990, and in connection with that twice attempted to file a RICO lawsuit against Champion and its legal counsel, Frost & Jacobs. *See* ECF No. 1 at ¶¶ 3, 13-15, 43, 81, 83, 101, 107-108; ECF No. 1-1 at 122; *Rennick, et al. v. Frost & Jacobs, et al.*, No. C-1-89-749, (N.D. Ohio, Apr. 26, 1990) (dismissed under Fed. R. Civ. P. 8(a) and 12(b)(6)); *Carr and Rennick v. State of Ohio Attorney General, et al.*, No. 2:90-cv-360 (S.D. Ohio, W. Div., Jul. 10, 1991) (dismissed) ("*Ohio A.G.*"). One of Plaintiff's core complaints is that he was forcibly detained, required to submit to a psychiatric evaluation, and involuntarily hospitalized from July 3, 1990, to July 9, 1990, after he was referred for Employee Assistance Program services. See ECF No. 1 at ¶ 4-5.

[4] The Complaint refers to agents and U.S. marshals without identifying the exact titles of the officials.

Carr and his wife, Sharon Carr, née Rennick, have a long history of vexatious litigation, spanning more than two decades, and fruitlessly engaging the time and attention of this Court, as well as the state and federal courts in Ohio. It is difficult to comprehend and track the voluminous and confusing array of legal actions Carr has initiated; however, in addition to multiple lawsuits in Ohio, this is at least the second lawsuit he has filed in this Court about essentially the same matters.

This case involves five operative legal decisions:

1) a 1991 order (by the late Judge John M. Manos) dismissing *Ohio A.G.*, enjoining Plaintiff from filing any claims against any judge or court employee in any court without leave of that court ("Judge Manos' Order") (Defendants' Exhibit 1);

2) A 2007 order and memorandum opinion of this Court (Judge James Robertson) dismissing *Carr v. Yund and Frost, Brown & Todd*,[5] No. 06-1893-JR (D.D.C., Apr. 17, 2007) ("*Frost, Brown & Todd*"), a case with substantially similar claims as the Complaint, and referring it to federal district court in Ohio for a determination whether it violated the 1991 order ("Judge Robertson's Dismissal") (Defendants' Exhibit 2);

3) Carr's August 8, 2007 indictment for verbally threatening Judge Robertson and guilty plea for possession of a firearm after having been previously committed to a mental institution, in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2) ("criminal conviction"). *See* ECF No. 1-1 at 216-221; *U.S.A. v. Carr*, No. 1:07-cr-107-1-MRB (S.D. Ohio, W. Div., Feb. 29, 2008) (Defendant's Exhibit 3);

4) A 2011 decision (by Judge Michael R. Barrett), denying Carr's motion to vacate Judge Manos' 1991 order. *U.S.A. v. Carr*, No. 1:07-cr-00107-MRB (S.D. Ohio, W. Div., Aug. 16, 2011) ("Judge Barrett's Denial") (Defendants' Exhibit 4, including minute entry of Aug. 4, 2011).

5) The 2012 dismissal of his appeal to the U.S. Court of Appeals for the Sixth Circuit. *U.S.A. v. Carr,* No. 11-4199 (6th Cir. 2012) (decision not for publication pursuant to local rule 206) (affirming the decision below) (Defendants' Exhibit 5).

In connection with *Frost, Brown & Todd*, federal law enforcement officials arrived at Carr's residence in February 2007, investigating whether Carr had made certain calls to Judge

---

[5] Civil Action No. 06-cv-1893-JR, is also captioned as *Carr v. Frost, Brown & Todd* and as *Carr v. Yund*, because George Yund was an attorney with the firm, Frost, Brown & Todd.

Robertson. *See* ECF No. 1 at 45;[6] ECF No. 1-1 at 205-215. Carr was subsequently arrested, psychiatrically evaluated, detained in various facilities for one year, and sentenced to ten months minus two days of incarceration with three years of supervised release. *See* ECF No. 1 at 48-51; ECF No. 1-1 at 216-221; Def. Exh. 3. Upon completion of supervised release for the criminal conviction, in March 2011, Carr filed a Motion to Clear Defendant's Record, Remove Label of Mentally Ill and Vacate Judge Manos' Sanctions ("Plaintiff's Motion to Vacate Manos' Order"), which Judge Michael R. Barrett denied on August 6, 2011. *See* Judge Barrett's Denial, *aff'd.*, *U.S.A. v. Carr*, No. 11-4199 (6th Cir. Sep. 13, 2012) (decision not for publication pursuant to local rule 206) (Defendants' Exhibits 4 and 5). Judge Barrett's Denial appears to be the most recent official action of which Carr complains in the instant Complaint.

Although Plaintiff names the United States Department of Justice and Attorney General Jefferson Sessions as Defendants, the Complaint contains no allegations of any individual action by the Attorney General pertaining to the Plaintiff.

As discussed herein, each claim against the Defendants should be dismissed. Specifically, Plaintiff's claims are barred by the statute of limitations, res judicata, and collateral estoppel; the Court lacks jurisdiction under the Federal Tort Claims Act ("FTCA"); and the Complaint fails to state a claim under 42 U.S.C. § 1983 under the applicable standard in *Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, the Complaint fails to set forth a short and plain statement of a claim.

## STANDARD OF REVIEW

On a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material

---

[6] The Complaint incorrectly refers to a Judge Robinson.

factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate in order to resolve the question of its jurisdiction. *See Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. Of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

Under Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed if it fails as a matter of law or if the Complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). For such a motion, the Court must resolve all factual doubts in Carr's favor. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Where the action is brought by a *pro se* plaintiff, the Court holds the complaint "to less stringent standards than formal pleadings drafted by lawyers," and considers the filings as a whole. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

Rule 8(a) requires that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and] (2) a short and plain statement of

the claim showing that the pleader is entitled to relief." *Id.* This rule "accords the plaintiff wide latitude in framing his claims for relief." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). However, Rule 8(d) further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together, Rules 8(a)(2) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)). Enforcement of these rules "is largely a matter for the trial court's discretion." *Id.* (citing 5 Wright & Miller § 1217, at 175 & n.8 (2d ed. 1990)).

The purpose of the rule is to give "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Id.* at 498. "A *pro se* complaint like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

Where a complaint violates the plain commands of Rules 8(a) and 8(d) by including voluminous, repetitive, and/or unnecessary evidentiary information, courts have granted motions to strike or dismiss such pleadings. *See, e.g.*, *Nichols v. Holder*, 828 F. Supp. 2d 250, 253-54 (D.D.C. 2011) (dismissing claims where a "prolix, redundant, [and] bloated" complaint "muster[ed] … confounding detail in an attempt to show … an elaborate conspiracy" that had previously been the subject of an earlier suit, so that it was "impossible for the Court to determine the extent to which [plaintiff's] current claims are barred" (internal quotation omitted)); *Ciralsky*, 355 F.3d at 669-70 (finding no abuse of discretion in district court's denial of plaintiff's motion for leave to file amended complaint following dismissal of complaint for failure to comply with Rule 8); *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) (finding that there was "no doubt"

that plaintiff's 15 page, single-spaced complaint, containing "a surfeit of detail" describing 20-odd defendants, their official positions, and their roles in the alleged denials of plaintiff's rights, failed to comply with Rule 8 and district court was thus within bounds of discretion to strike or dismiss the complaint). "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Ciralsky*, 355 F.3d at 669 (quoting *Salahuddin*, 861 F.2d at 42) (internal quotation omitted).

## ARGUMENT

Carr's Complaint is fraught with problems, each of which justifies this Court dismissing his claims against the Federal Defendants. Specifically, his claims are barred by any potentially applicable statute of limitations and by res judicata; the Court lacks jurisdiction under the FTCA; and the Complaint fails to state a claim under 42 U.S.C. § 1983 and *Heck v. Humphrey*. Finally, the Complaint is nearly indecipherable and should be dismissed because the allegations do not contain "a short and plain statement of the claim."

### A. All of Plaintiff's Claims are Barred by the Statute of Limitations.

Pursuant to 28 U.S.C. § 2401, Plaintiff must file certain claims against Defendants within two years (for tort claims) or six years (for other civil actions) from the date that the cause of action accrued. However, "Because § 1983 does not contain its own statute of limitations, courts must look to state law to determine the relevant limitations period." *Thomas v. Novicky*, 2014 WL 6896576 (N.D. Ohio, 2014) (quoting *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). The Sixth Circuit has held "that the two-year limitations period; *viz.*, Ohio Rev. Code Ann. § 2305.10, is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983." *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989).

The latest allegations contained in the Complaint concern Judge Barrett's Denial of Plaintiff's Motion to Vacate Manos' Order in 2011. *See* Complaint, ECF No. 1 at 35, ¶ 110, p. 35; Def. Exhibit 4. Under the more generous federal six-year statute of limitations, Carr's potential claims against Judge Barrett, who is not named in the lawsuit, would fall outside of the time allowed for filing an action in federal court by at least one year. And it is more likely that Ohio's two-year statute of limitations applies, barring any potential claims against Barrett by five years.[7]

The most recent allegations involving actions by federal officials operating under the authority of Defendants U.S. Department of Justice and the Attorney General are Carr's arrest by federal law enforcement officials in 2007 and his detention until 2008. Under even the six-year statute of limitations, those claims are time-barred by four years, and under Ohio's statute, they miss the mark by eight years.

By any reckoning, even Plaintiff's most recent potential claims are stale and all his claims are barred by the most generous of potentially applicable statutes of limitations for federal civil actions, and for that reason should be dismissed for lack of jurisdiction.

**B. The Court Should Dismiss this Case With Prejudice Due to Res Judicata.**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[R]es judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Id.* "Res judicata has two distinct aspects—claim

[7] Further, Carr is specifically enjoined from filing suit against federal court judges, employees and officers of the court without leave of the court, and no such motion has been filed or granted. *See* Judge Manos' Order (Defendants' Exhibit 1).

preclusion and issue preclusion (commonly known as collateral estoppel)[.]" *Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 124 (D.D.C. 2014) (internal quotation marks omitted).

"A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Natural Res. Def. Council v. Envtl. Prot. Agency*, 513 F.3d 257, 260 (D.C. Cir. 2008).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002). "To determine whether two cases share the same nucleus of facts, courts consider 'whether the facts are related in time, space, origin, or motivation [;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 104 (D.D.C. 2017) (quoting *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997)).

A dismissal for failure to state a claim under Rule 12(b)(6) is a final judgment on the merits. *Swanson v. Howard Univ.*, 249 F. Supp. 3d 259, 265 (D.D.C. 2017) ("[D]ismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.") (internal quotation marks omitted); *Ashbourne*, 245 F. Supp. 3d at 103 (recognizing that the granting of defendants' motion to dismiss and motion for summary judgment in plaintiff's prior action, which collectively disposed of all of plaintiff's claims in that matter, were both judgments on the merits with res judicata effect).

"Unlike issue preclusion, which is aimed at preventing relitigation of issues previously resolved, claim preclusion is also intended to prevent litigation of matters that *should have been* raised in an earlier suit[.]" *Natural Res. Def. Council*, 513 F.3d at 261 (citation and internal

quotation marks omitted). "[A] party cannot escape the preclusive effect of the doctrine by raising a different legal theory or seeking a different remedy that was available to her in the prior action." *Menoken*, 273 F. Supp. 3d at 195-96.

In November 2006, the Carrs jointly filed what they styled as a RICO action in this Court against attorney George Yund, counsel for Champion, and 27 co-defendants, based on a refusal of a settlement demand from the former Ms. Rennick that occurred eighteen years earlier, in 1988. *Frost, Brown & Todd*. Judge Robertson dismissed that litigation with prejudice, and certified the record to the Northern District of Ohio, "for such consideration as it may wish to give to whether the filing and prosecution of this case was a contemptuous violation of that Court's order of July 10, 1991 in case no. C2-90-360." *See* Defendants Exhibit 2 at 5. Judge Robertson's memorandum opinion is eerily reminiscent of the Complaint in the instant case in describing the nature of the claims:

> Plaintiffs have named 27 defendants, including a federal judge, an Ohio state court judge, several Justice Department and FBI officials, someone from the Internal Revenue Service, two law firms, any number of individual attorneys, and a psychologist. Plaintiffs assert in one of the handwritten documents that comprise their complaint that they are here because they have exhausted all the legal avenues available to them in the State of Ohio, where, they say, they have run into 'widespread corruption and racketeering at all levels of state and federal government.' The case is identified on our docket as a 'related case,' but its relationship is to a case that was filed and dismissed in Ohio more than sixteen years ago."

*Id.* at 1-2.

Plaintiff has essentially continued the litigation he initiated against his former employer and their attorneys in 1990 to the present day, collecting new defendants along the way. Judge Manos' 1991 Memorandum Opinion (Defendant's Exhibit 1), Judge Robertson's Dismissal of *Frost, Brown, and Todd* (Defendant's Exhibit 2) address identical issues to Plaintiff's present Complaint. Aside from adding the Attorney General as a named defendant, adding new federal

agents to his allegations, and describing his allegations against Judge Barrett (without naming him as a defendant),[8] nothing about Plaintiff's Complaint is new. Despite being turned away multiple times in multiple judicial forums, Plaintiff persists.

Carr's attempts to revive his 2006 and 2011 claims relating to his 1990 termination and 1991 hospitalization and his 2007 criminal conviction are barred by (i) res judicata and collateral estoppel; (ii) Judge Manos' Order (1991); (iii) Judge Robertson's Dismissal of *Frost, Brown, and Todd* "with prejudice" (2007); (iv) Judge Barrett's Denial (2011); and (v) the Sixth Circuit's affirmance of Judge Barrett's Denial (2012). *See* Defendants' Exhibits 1-2 and 4-5. Accordingly, the Court should dismiss the Complaint with prejudice.

**C. Any Claims Under the Federal Tort Claims Act ("FTCA") Should be Dismissed.**

The Complaint seeks $60 million in damages (ECF No. 1 at 48) and includes as Defendants the United States of America, the U.S. Department of Justice, and the Attorney General.[9] To the extent that the Complaint may be construed as a claim under the Federal Tort Claims Act, the Court lacks subject matter jurisdiction. The FTCA waives sovereign immunity for certain tort claims against the United States government and grants exclusive jurisdiction for such claims in the Federal district courts. 28 U.S.C.A. § 1346. "This provision confers jurisdiction only for actions against the United States of America. It does not confer jurisdiction over actions . . . for actions against government agencies in their own names." Daniel A. Morris, FEDERAL TORT CLAIMS § 1:2 (August 2017 Update); *Morris v. United States*, 521 F.2d 872, *875 (9th Cir. 1975).

The United States has specifically waived sovereign immunity for tort claims under the FTCA; however, jurisdiction under the FTCA requires the exhaustion of administrative remedies,

---

[8] *See supra*, at 8, n.7.

[9] *See supra*, at 1, n.1.

28 U.S.C.A. § 2675, *Rashad v. D.C. Cent. Det. Facility,* 570 F. Supp. 2d 20 (D.D.C. 2008), and Plaintiff has not plead jurisdiction under the FTCA nor has he alleged facts or presented evidence that he has filed an administrative claim for damages against DOJ or the Attorney General. S*ee Chandler v. Fed. Bureau of Prisons,* 249 F. Supp. 3d 136 (D.D.C. 2017) (inmate's failure to exhaust administrative remedies deprived court of jurisdiction over his tort claim against the U.S. Parole Commission). Thus, to the extent that the Complaint may be construed as a claim under the FTCA, the Court lacks jurisdiction, and Plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

**D. Carr Fails To State A Claim For Relief Under § 1983.**

As noted, Carr brings his claims under 42 U.S.C. § 1983. Section 1983 claims cannot, absent circumstances not present here, be brought against either the DOJ or the Attorney General.[10]

Under Section 1983, "[e]very person who, under color of any statute … of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 does not apply, however, to federal agencies or their employees. *See Epps v. Howes*, No 06-cv-0717, 2007 WL

[10] The Complaint (ECF No. 1 at 3-4) also raises claims under 42 USC § 1985, but those are limited to events in 1990 and 1991. To the extent that Section 1985 may be considered as a potential basis for any of Plaintiff's claims against Defendants DOJ and the Attorney General, those claims are barred by sovereign immunity for the same reasons as his Section 1983 claims. *See, infra,* at 13-14; *Davis v. U.S. Dept. of Justice,* 204 F.3d 723 (7th Cir. 2000) (per curium) ("Sovereign immunity bars suits brought against the United States and its officers acting in their official capacity, where suits allege conspiracy to interfere with civil rights or neglect in failing to prevent deprivation of civil rights." *Id*. at 726). Further, "there is no vicarious liability on the part of superior officials for the actions of their subordinates unless the superior actually directed or participated in the alleged violation of plaintiff's civil rights." *Westinghouse Broadcasting Co., Inc. v. Dukakis,* 409 F. Supp. 895, 896 (D.C. Mass. 1976).

2248072, *3 (D.D.C. July 31, 2007) ("[Section 1983] applies only to state-level governmental entities, and the Parole Commission and DOJ are federal entities"); *Williams v. United States*, 396 F.3d 412, 414-16 (D.C. Cir. 2005) (special police officer employed by the U.S. Government Printing Office was not acting under District of Columbia law). Indeed, "to state a claim under § 1983, [Plaintiff] must show that the Defendants acted under color of state law." *Ford v. Mitchell*, 890 F. Supp. 2d 24, 30 (D.D.C. 2012).

As Carr cannot show that the Defendants were acting under color of state law, he has failed to state a claim under Section 1983. *See Quaid v. Kerry*, 161 F. Supp. 3d 70, 75 n.5 (D.D.C. 2016) (dismissing Section 1983 claim against federal actors for failure to state a claim). In order to determine whether an official acts "under color of state law," courts traditionally look to the source of the official's power and authority, asking whether the defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Williams*, 396 F.3d at 414 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

Further, to the extent that the Complaint alleges criminal conduct by Defendants, it must fail, as Section 1983 provides no relief or remedy for criminal activity.

*DOJ*. Carr's claim against DOJ fails because it is a federal agency. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) ("We find no clear statement that would make the Commission itself subject to liability under § 1983"). Indeed, although Carr mentions wrongdoing by federal agents among his litany of claims, he does not name them as defendants and did not attempt to serve them with the Complaint, and his Section 1983 claims against the DOJ

fail on that ground alone.[11] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). For the same reason, Carr's claims would still fail if this Court were to construct them broadly to have been brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Like Section 1983 claims, *Bivens* actions rest only against "federal officers alleged to have violated [a plaintiff's] constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see also Marshall v. Fed. Bureau of Prisons*, 518 F. Supp. 2d 190, 193 (D.D.C. 2007) ("A *Bivens* action is the federal analog to suits brought *against state officials* under . . . § 1983") (emphasis added); *Gilliam v. DOJ*, 128 F. Supp. 3d 184, 144 (D.D.C. 2015) ("no *Bivens* claims may lie against a federal agency"); *Lyles v. Hughes*, 83 F. Supp. 3d 315, 324 (D.D.C., 2015) ("A *Bivens* action, which could be brought only against federal officials, could not be brought by residential tenant directly against United States Marshals Service (USMS), which was a bureau of the United States Department of Justice (DOJ)…"). Plaintiff names the Attorney General only in his official capacity.

*Attorney General*. Carr's attempt to bring a Section 1983 claim against the Attorney General fails for similar reasons. Specifically, his attempt to name the Attorney General fails as "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. As Carr does not allege any specific conduct on the Attorney General's part, his claim against the Attorney General fails. Moreover, to the extent that Car intended to bring a claim against the Department of Justice

[11] In the event that Plaintiff were to amend the Complaint, a host of defenses is available to any such potential defendants, including, but not limited to lack of jurisdiction, failure to exhaust administrative remedies, and/or qualified immunity.

("DOJ") more broadly, such a claim would have also failed as it is a federal agency that does not operate "under color of any statute … of any State of Territory or the District of Columbia[.]" 42 U.S.C. § 1983; *see also McIntyre v. District of Columbia*, 716 F. Supp. 2d 7, 9-10 (D.D.C. 2010) (rejecting § 1983 claim against DOJ).

To the extent that any of Carr's claims may be considered new, his instant Complaint is based on the incidents surrounding his last visit to this Court and the resulting criminal indictment and eventual conviction for a firearms violation. *See* ECF 1-1 at 205-221; Defendants' Exhibit 3. Plaintiff's claim for damages under Section 1983 (or *Bivens*) must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, and Carr has failed to meet that standard. *See Heck v. Humphrey*, 512 U.S. 477 (1994). His attempt to gain pardon was denied by Judge Barrett, and the Sixth Circuit affirmed in *U.S.A. v. Carr*, No. 11-4199 (6th Cir. Sep. 13, 2012) (decision not for publication pursuant to local rule 206) (Defendants Exhibits 4 and 5).

For these reasons, Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed.[12]

**E. The Court Should Dismiss Plaintiff's Complaint Because It Fails to State a Cause of Action.**

Plaintiff's *pro se* complaint fails to state a claim even under the liberal pleading standards of Fed. R. Civ. P. 8(a). It is well established that even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). "Even under liberal notice pleading

[12] Any potential claims against federal agents are also defective as such agents are shielded by qualified immunity.

standards, a complaint may be dismissed if it does not articulate a factual or legal basis for relief." *Id.* (citations omitted).

The Complaint is exactly the type of pleading Rule 8 is designed to halt. Although repetitive, confusing, and circuitous, the 113-count handwritten Complaint (with 12 pages of "conclusions" and 221 pages of exhibits) is nonetheless incomplete, and thus fails to present an understandable narrative of relevant events for which a meaningful defense may be prepared. Further, allowing Plaintiff to amend his Complaint would fruitlessly prolong this civil action and needlessly engage the Court's time and attention, as demonstrated by Carr's extensive history of litigation. *See* Judge Manos' Order and Memorandum Opinion denying Carr's Motion to Amend (Exhibit 1 at pp. 3-6) ("The complaint is virtually the same as the previous one with the exception that it adds Judge Spiegel and others as defendants."). Judge Manos' Order was previously filed as an exhibit in *Frost, Brown & Todd* in this Court, further demonstrating the futility of allowing Carr to amend his Complaint.

The burden imposed on the Court and Defendants by allowing this Complaint to proceed merits a dismissal.

**CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Court dismiss Carr's claims against them. A proposed order is attached.

June 26, 2018

Respectfully submitted,

JESSIE K. LIU
D.C. BAR #472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division

By: */s/ Sherri L. Morgan*
SHERRI L. MORGAN, D.C. BAR #430767
Special Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2538
Sherri.Morgan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of June 2018, I served a true and correct copy of the foregoing Defendants' Motion to Dismiss, accompanying Memorandum in Support of Defendants' Motion to Dismiss and a draft order upon *pro se* Plaintiff by first class United States mail, marked for delivery to:

JERRY L. CARR
9674 Colerain Avenue
Apartment 267
Cincinnati, OH 45251

*\/s/ Sherri L. Morgan*
SHERRI L. MORGAN
Special Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JERRY L. CARR, Plaintiff | ) | |
| v. | ) | Civil Action No. 1:18-cv-0356 (RC) |
| JEFFERSON B. SESSIONS, *et al.*, Defendant. | ) | |

**ORDER**

For the reasons stated in the accompanying memorandum opinion, it is hereby ORDERED that the defendants' motion to dismiss is GRANTED, and the complaint is DISMISSED.

This is a final, appealable order. *See* Fed. R. App. P. 4.

RUDOLPH CONTRERAS
United States District Judge

Date: