**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JERRY L. CARR, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-356 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 7, 14 |
| | : | | |
| JEFFERSON B. SESSIONS, *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

**GRANTING DEFENDANTS' MOTION TO DISMISS;
DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

## I. INTRODUCTION

Plaintiff Jerry L. Carr, proceeding *pro se*, brings this action against the United States Attorney General, the Department of Justice, and the United States (collectively, "the government") seeking justice for a series of events occurring in Ohio and the District of Columbia over the last thirty years. He claims that the federal government, a law firm, and several individuals have conspired to deprive him of his livelihood and his freedom. Presently before the Court are the government's motion to dismiss the action and Mr. Carr's motion to amend the complaint.

Because this action is the latest in a series of litigation campaigns waged by Mr. Carr, many of Mr. Carr's claims are barred by *res judicata*. Mr. Carr's claims not barred by *res judicata* are time barred. And it would be futile for Mr. Carr to amend his complaint because his proposed amendments could not survive a motion to dismiss, for the same reasons that the current complaint cannot survive. The Court thus grants the government's motion to dismiss and denies Mr. Carr's motion to amend.

## II. FACTUAL BACKGROUND

This action traces its origins to the 1980s, when an ill-fated dispute between Mr. Carr and his co-workers at Champion International Corporation ("Champion") prompted Champion to fire Mr. Carr. *See* Compl. ¶¶ 81, 102–03, ECF No. 1. Champion's decision unleased Mr. Carr upon the federal court system, through which he has filed a series of lawsuits to defeat what he views as a widespread conspiracy against him. *See, e.g.*, *id.* ¶¶ 36–41, 82–93. The latest turn in this alleged conspiracy has brought Mr. Carr before this Court.

To provide context for its decision, the Court will briefly summarize Mr. Carr's litigation history. After Champion fired him, Mr. Carr sued Champion and several co-workers under 42 U.S.C. § 1981. *See* Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") Ex. 1 ("Judge Manos Order"), ECF No. 7-1.[1] Having lost at trial in that action, Mr. Carr and his now-wife, a former Champion employee who was fired around the same time, brought a second action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act against Champion, its legal counsel, Frost Brown Todd LLC ("Frost"), and several judges, asserting that Frost oversaw an organized crime network that extorted Mr. Carr and his wife. *See id.* at 3–4; Compl. ¶¶ 13–18. In response to these filings, Judge John Manos of the Southern District of Ohio permanently

---

[1] The Court takes judicial notice of Judge Manos's order, and the other orders and opinions cited below, without converting the government's motion to dismiss into a motion for summary judgment. In considering whether a complaint adequately states a claim, a "court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)). And it is well-established that the Court may take judicial notice of judicial opinions related to the current action. *Covad Commc'ns. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (noting that a court may look to "relevant opinions . . . upon a motion to dismiss" (citing *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993))); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002) ("[C]ourts 'are allowed to take judicial notice . . . of prior litigation.'" (quoting *Black v. Arthur*, 18 F. Supp. 2d 1127, 1131 (D. Or. 1998))).

enjoined Mr. Carr and his wife from bringing certain types of actions in federal court. *See* Judge Manos Order at 10–11.

Notwithstanding Judge Manos's Order, Mr. Carr continued pursuing his cause, attempting to enlist the FBI and various other federal agencies in bringing Frost's conspiracy to light. Compl. ¶¶ 29–34, 45, 74–77. These efforts were unsuccessful, however, allegedly because of Frost's control over the government. *Id.* ¶¶ 77–78, 99–101, 103. In 2006 Mr. Carr filed another RICO suit, this time in this jurisdiction. *See* Compl., *Carr v. Frost, Brown & Todd*, No. 06-cv-1893 (D.D.C. Nov. 3, 2006), ECF No. 1 ("2006 Compl."); Compl. ¶¶ 36–44. Judge James Robertson concluded that the 2006 complaint was "substantially identical" to Mr. Carr's previous lawsuits, and he dismissed the 2006 complaint with prejudice. *See* Defs.' Mem. Ex. 2 ("Judge Robertson Order") at 3–4, ECF No. 7-2.

Around the time of that dismissal, Mr. Carr was interviewed by Deputy United States Marshal Joel Kimmet and FBI Agent Terrence Moran regarding threatening phone calls Mr. Carr allegedly made to Judge Robertson's chambers. *See* Compl., *USA v. Carr*, No. 07-cr-0107 (S.D. Ohio May 1, 2007), ECF No. 2; Compl. ¶¶ 45, 48. That investigation resulted in Mr. Carr pleading guilty to possessing a firearm after having been previously committed to a mental institution. *See* Defs.' Mem. Ex. 3, ECF No. 7-3. After serving his sentence, Mr. Carr filed a motion with the Southern District of Ohio to clear his criminal record, remove the label of "mentally ill" from his record, and vacate Judge Manos's sanction. Compl. ¶¶ 82–92. Judge Michael Barrett denied the motion for lack of jurisdiction. *See* Defs.' Mem. Ex. 4 ("Judge Barrett Order"), ECF No. 7-4. Mr. Carr appealed that order to the Sixth Circuit, which affirmed Judge Barrett's decision. *See* Defs.' Mem. Ex. 5, ECF No. 7-5.

Finally, Mr. Carr filed this action in early-2018, recounting the events above as pieces in a large-scale conspiracy, led by Frost, to deprive him of his constitutional rights. *See generally* Compl. He sues under various federal statutes, both civil and criminal,[2] alleging that the government failed to properly supervise the federal agents involved in the alleged conspiracy over the past thirty odd years, and failed to protect Mr. Carr's constitutional rights. The government has moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), arguing, in part, that the complaint is barred by *res judicata*, and that any claims not barred by *res judicata* are time barred under the applicable statutes of limitations.[3] *See generally* Defs.' Mot. Dismiss, ECF No. 7. After the government filed its motion to dismiss, Mr. Carr moved to add intentional tort claims to his complaint. *See* Pl.'s Mot. Amend at 1, ECF No. 14. Both motions are ripe for the Court's review.

## III. LEGAL STANDARD

### A. Federal Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's right to relief must rise above the "speculative level." *Twombly*,

---

[2] The Court encountered some difficulty in determining which statutes underlie Mr. Carr's action, given the complaint's scattershot use of statutory citations. Because the Court must construe *pro se* complaints liberally, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150–52 (D.C. Cir. 2015); *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), it will make generous inferences in identifying appropriate causes of action for Mr. Carr's allegations.

[3] Mr. Carr filed an additional memorandum on September 13, 2018, informing the Court that Frost had recently hired a former Department of Justice prosecutor as a senior associate. *See* Mem. at 1–2, ECF No. 11. Upon review of the memorandum, the Court finds it irrelevant to Mr. Carr's legal claims against the government defendants named in this action.

550 U.S. at 555–56. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555.

This Court construes *pro se* complaints liberally. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Thus, Mr. Carr's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, a *pro se* complainant must plead facts that allow the Court to infer "more than the mere possibility of misconduct." *Id.* at 681–82 (quoting *Iqbal*, 556 U.S. at 679). A court considering a *pro se* plaintiff's complaint should look to "all filings, including filings responsive to a motion to dismiss," *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), to discern whether the plaintiff has "'nudged [his] claim[s] across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "The Court need not," however, "assume the role of the *pro se* plaintiff's advocate." *Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 268 (D.D.C. 2018). It need not stalk the record to find support for Mr. Carr's claims. *Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015).

### B. Federal Rule 15(a)

Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend his complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading or Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, the plaintiff may amend his pleading only with the opposing party's written consent—which has been denied in this case—or the Court's leave. Fed. R. Civ. P. 15(a)(2).

5

"The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court." *Commodore-Mensah v. Delta Air Lines, Inc.*, 842 F. Supp. 2d 50, 52 (D.D.C. 2012) (citing *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977)). And Rule 15 instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) (explaining that Rule 15 "is to be construed liberally"). "[L]eave to amend is particularly appropriate when a plaintiff proceeds *pro se*." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993). Generous standard notwithstanding, courts may deny leave to amend for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. ANALYSIS

The government argues that Mr. Carr's complaint should be dismissed because, among other reasons, Mr. Carr's claims are barred by *res judicata* and the applicable statutes of limitations. The government argues that Mr. Carr's proposed complaint amendments should be rejected for the same reasons. The Court agrees for the reasons stated below, and it therefore dismisses Mr. Carr's action and denies his motion to amend the complaint.

### A. Res Judicata

"Under the doctrine of res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action.'" *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017) (emphasis in original) (quoting *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)). The doctrine applies if a previous action "(1) involv[ed] the same claims or cause of action [as the current action], (2)

between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citing *Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971); *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948)). Whether two cases involve the same cause of action is determined by "whether they share the same 'nucleus of facts.'" *Ashbourne*, 245 F. Supp. 3d at 103–04 (quoting *Drake*, 291 F.3d at 66). And whether two cases share the same nucleus of facts depends on "the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984).

"*Res judicata* may be raised in a 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Middleton v. DOL*, 318 F. Supp. 3d 81, 86 (D.D.C. 2018) (quoting *Sheppard v. District of Columbia*, 791 F.Supp.2d 1, 5 n.3 (D.D.C. 2011)); *see also Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008). And as noted above, the Court may take judicial notice of opinions and orders from other proceedings. *Covad Commc'ns. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002).

According to the government, Judge Robertson's 2007 dismissal of Mr. Carr's 2006 complaint and Judge Barrett's 2011 denial of Mr. Carr's motion to clear his record bar Mr. Carr's current action under *res judicata* because "nothing about [his] [current] [c]omplaint is new." Defs.' Mem. at 11. The government is correct in part. While Judge Robertson's 2007 decision has *res judicata* effect on Mr. Carr's current claims arising from pre-2007 conduct, Judge Barrett's 2011 decision does not.

*Res judicata* requires a final, valid judgment on the merits. *Smalls*, 471 F.3d at 192. And it is well-established that dismissal with prejudice pursuant to a 12(b)(6) motion constitutes a final judgment. *See id.*; *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Judge Robertson's 2007 decision was such a dismissal. *See* Judge Robertson Order at 4. On the other hand, "[a] dismissal for lack of subject matter jurisdiction does not constitute adjudication on the merits with claim preclusive effect." *Gresham v. District of Columbia*, 66 F. Supp. 3d 178, 194 (D.D.C. 2014) (citing *Miller v. Saxbe*, 396 F. Supp. 1260, 1261 (D.D.C. 1975)). Judge Barrett's 2011 decision denied Mr. Carr's motion on jurisdictional grounds, so it does not have *res judicata* effect. *See* Judge Barrett Order.

*Res judicata's* application here is thus limited to conduct addressed by Judge Robertson's 2007 decision. That decision disposed of Mr. Carr's claims arising from conduct that occurred before November 3, 2006, when Mr. Carr filed his suit. *See generally* 2006 Compl. The question, then, is whether Mr. Carr's 2006 complaint (1) involved the same claims or causes of action—the same "nucleus of facts"—as the current action; and (2) implicated the same parties or their privies. *Smalls*, 471 F.3d at 192. The answer is yes.

Mr. Carr's 2006 complaint and the current complaint share the same nucleus of facts. The 2006 complaint alleged violations of Mr. Carr's rights based on actions and events largely the same, if not identical, to the ones challenged in his current complaint. *See generally* Judge Robertson Order; 2006 Compl. Both complaints proffer the alleged Frost conspiracy as their central theory, arguing that Frost controlled the federal law enforcement apparatus and, using that apparatus as a shield, harmed Mr. Carr in various ways. *See* 2006 Compl. at 19–21; Compl. ¶¶ 77–78. More specifically, for instance, both complaints claim that Mr. Carr was unlawfully imprisoned in a mental institution because Roger Fisher, a psychologist alleged to be in Frost's

pocket, swore false statements against Mr. Carr. *See* 2006 Compl. at 8, 14–15; Compl. ¶¶ 19–23. And both complaints assert that the Department of Justice and the FBI have taken a "corrupt position" vis-à-vis Mr. Carr and his battle against Frost's conspiracy. *See* 2006 Compl. at 20; Compl. ¶ 82. The only significant difference between the two complaints appears to be the parties named as defendants, and those defendants are in privity with each other.[4]

"[O]ne in privity with another is said to be one 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Gresham*, 66 F. Supp. 3d at 192 (quoting *Jefferson Sch. of Soc. Sci. v. Subversive Activities Control Bd.*, 331 F.2d 76, 83 (D.C. Cir. 1963)). The 2006 complaint named two Department of Justice officials, three FBI Agents, and one IRS Agent as defendants. *See* 2006 Compl. at 1–2. The current complaint names the Attorney General, the Department of Justice, and the United States as defendants, claiming that they were responsible for actions taken by certain individual federal officials. *See* Pl.'s Opp'n Mot. Dismiss at 52–53, ECF No. 9.[5] It is well-established in this jurisdiction that, for *res judicata* purposes, the government, its agencies, and its officers are in privity with one another. *See Sczygelski v. U.S. Office of Special Counsel*, 926 F. Supp. 2d 238, 244–45 (D.D.C. 2013); *McIntyre v. Fulwood*, 892 F. Supp. 2d 209, 215 (D.D.C. 2012). Thus, the current defendants are in privity with the 2006 defendants. *Gresham*, 66 F. Supp. 3d at 193. Because Judge Robertson's 2007 decision was a final judgment on the merits regarding a complaint that shares the same nucleus of facts with the current complaint,

---

[4] Mr. Carr's 2006 complaint did not explicitly name the Department of Justice as a defendant, but it did raise allegations against the "U.S. Dept. of Justice" arising from the agency's alleged participation in Frost's conspiracy. *See* 2006 Compl. at 19.

[5] Mr. Carr's voluminous opposition filing does not contain page numbers. For ease of reference, when referring to this filing the Court cites the page numbers designated by ECF.

along with parties in privity with the current parties, Mr. Carr's current claims regarding pre-2007 conduct are barred by *res judicata*.

## B. Statute of Limitations

Having disposed of Mr. Carr's claims arising from conduct that occurred before November 3, 2006, the Court now considers Mr. Carr's claims regarding conduct that occurred after that date. *See Page*, 729 F.2d at 820 (refusing to dismiss the plaintiff's complaint on *res judicata* grounds for conduct that occurred after the district court's previous order). Mr. Carr seems to make three general accusations not previously litigated. First, Mr. Carr claims that United States Marshal Joel Kimmet made false assertions in his probable cause statement underlying Mr. Carr's 2007 arrest and indictment. *See* Compl. ¶¶ 63–67; *id*. Ex. 23, ECF No. 1-1 at 203–21.[6] Second, Mr. Carr claims that United States Marshals and FBI Agents, specifically Marshal Kimmet and FBI Agent Terrence Moran, threatened Mr. Carr's life around the time of his 2007 arrest and 2008 motion to vacate Judge Manos's 1991 Order. *See* Compl. ¶¶ 48, 82, 99(A). Third, Mr. Carr claims that Assistant United States Attorney ("AUSA") Leslie Williams acted illegally during Mr. Carr's Sixth Circuit appeal of Judge Barrett's 2011 Order. *See* Compl. ¶ 93. The precise nature of AUSA Williams's allegedly illegal conduct is difficult to understand from the complaint, but Mr. Carr's main thrust seems to be that AUSA Williams "cover[ed] for" the parties that allegedly conspired to deny Mr. Carr his constitutional rights. *Id.*; *see also* Pl.'s Opp'n at 49 ("Leslie Williams again lies and cover [sic] the criminal activity by the D.O.J.").[7]

---

[6] Mr. Carr's complaint exhibits were filed together in one attachment that does not contain page numbers. As with Mr. Carr's opposition filing, when referring to the complaint exhibits the Court cites the page numbers designated by ECF.

[7] Along with those three accusations, Mr. Carr vaguely alleges that Judge Robertson acted improperly during Mr. Carr's 2006 action. *See* Compl. ¶¶ 39–44, 78, 110. However, Mr. Carr specifically brings this allegation under 18 U.S.C. § 242, which criminally punishes individuals who deprive others of their rights under color of law. Compl. ¶ 78. Because Mr.

10

Mr. Carr asserts that the Attorney General, the Department of Justice, and the United States are responsible for those alleged illegal acts because "the D.O.J. [] is the [t]op [l]aw enforcement agency in the United States" and "Jeff Sessions is over [t]op of the D.O.J." *See* Pls.' Opp'n at 53. Thus, a fair reading of Mr. Carr's complaint is that the Attorney General, the Department of Justice, and the United States illegally "fail[ed] to protect [Mr. Carr's] [c]onstitutional [r]ights" from the alleged abuses of their employees and subordinates. *Id*. The government argues that, however the complaint is read, Mr. Carr's remaining claims must be dismissed because they are barred by the applicable statutes of limitations. The Court agrees.

Federal Rule 12(b)(6) is the appropriate "vehicle for asserting the affirmative defense of statutory time limitation." *Pearl v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 80 (D.D.C. 2013). However, "[b]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Moldea v. Ovitz*, No. 18-cv-0560, 2019 WL 465004, at *3 (D.D.C. Feb. 6, 2019) (quoting *Bregman v. Perles*, 747 F.3d 875–76 (D.C. Cir. 2014)). Thus, the complaint's allegations themselves must "show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Wash. Metro. Area Transit Auth. v. Ark Union Station*, 268 F.

---

Carr has no private right of action under criminal statutes, *Masoud v. Suliman*, 816 F. Supp. 2d 77, 80 (D.D.C. 2011), he has failed to state a claim upon which relief may be granted. Judge Manos's 1991 Order, moreover, enjoins Mr. Carr "from filing in any court, an action against any state or federal judge, or any officer or employee of any court, for actions taken in the course of their official duties." Judge Manos Order at 10–11. Judge Manos's Order thus bars Mr. Carr's claims against Judge Robertson and any other judge named in the complaint. Finally, Judge Robertson would be covered by judicial immunity for any such claim. *See Atherton*, 567 F.3d at 682 ("[J]udges 'are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871))).

11

Supp. 3d 196, 203 (D.D.C. 2017); *Coulibaly v. Tillerson*, 278 F. Supp. 3d 294, 300 (D.D.C. 2017). That is the case here.

Before addressing Mr. Carr's claims, the Court must determine which statute or statutes of limitations apply to them. Again, the scattershot nature of Mr. Carr's complaint makes this no easy task. Most of the statutes Mr. Carr cites are federal criminal statutes that provide him no private right of action. *See* Compl. at 2; *see also Masoud v. Suliman*, 816 F. Supp. 2d 77, 80 (D.D.C. 2011) ("[C]riminal statutes, however, do not and cannot provide the basis for [a] plaintiff's civil causes of action."). The civil statute Mr. Carr cites most is 42 U.S.C. § 1983. *See* Compl. at 2–3. With minor exceptions not present here, § 1983 is inapplicable to federal officials. *See Williams v. United States*, 396 F.3d 412, 414–16 (D.C. Cir. 2005). Drawing all inferences in favor of the *pro se* plaintiff, however, the Court will analyze the statute of limitations question under the analogous *Bivens* doctrine, which applies to federal agents in their individual capacities.[8] *See Berry v. Funk*, 146 F.3d 1003, 1013 (D.C. Cir. 1998); *see also* Pl.'s Mot. Amend at 11 ("[T]he *Bivens* action should apply in this case.").[9]

---

[8] The complaint does not name any individuals as defendants in their individual capacities (Attorney General Sessions was not Attorney General during the relevant period, and thus must be named in his official capacity). That said, the Court liberally interprets the complaint as lodging claims against the government officials named in its body, specifically Marshal Kimmet, Agent Moran, and Ms. Williams, among others. However, individual defendants must be served in their individual capacities. *See* Fed. R. Civ. P. 4(i)(3); *Wilson v. U.S. Park Police*, 300 F.R.D. 606, 608 (D.D.C. 2014) ("When an officer or employee of the government is sued in his or her individual capacity . . . personal service on the officer or employee is required."). There is no indication that any of those individuals have been served in any capacity, individual or otherwise. And even if they were served, Mr. Carr's claims against them would be time barred for the reasons set out below.

[9] *Bivens* claims are not available against federal agencies or the United States. *See Iqbal*, 556 U.S. at 676; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994); *Abdelfattah v. DHS*, 787 F.3d 524, 534 (D.C. Cir. 2015). And the United States has not consented to be sued for money damages arising from its employees' alleged constitutional violations. *See Meyer*, 510 U.S. at 476–78; *Epps v. U.S. Att'y Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008) (stating that the Federal Tort Claims Act "does not waive

The appropriate limitations period for a *Bivens* claim is dictated by the relevant personal injury statutes in the jurisdiction in which the conduct at issue occurred. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 51–52 (D.D.C. 2008). The alleged conduct here occurred in both Ohio and the District of Columbia. However, as noted, Mr. Carr suggests in his opposition brief that the central issue in this case is the failure of the Attorney General, the Department of Justice, and the United States to adequately supervise their employees and subordinates. *See* Pl.'s Opp'n at 53 ("I am suing the D.O.J. for failure to protect my constitutional rights and Attorney General Jeff Session[s] is the Attorney General over top of the D.O.J."). Because the government defendants are based in the District of Columbia, District of Columbia law governs. And "[i]n the context of a *Bivens* action claiming the deprivation of constitutional rights, the D.C. Circuit has instructed that D.C. Code § 12–301 provides the relevant limitations period": Three years at most. *Richardson v. Sauls*, 319 F. Supp. 3d 52, 67 (D.D.C. 2018) (citing *Zhao v. Unknown Agent of CIA*, 411 F. App'x 336, 336–37 (D.C. Cir. 2010)); *see also* D.C. Code § 12-301(8) (providing a three-year limitations period for actions "for which a limitation is not otherwise specially prescribed").[10]

Next, the Court must determine when Mr. Carr's claims accrued. In most circumstances, courts apply the "standard rule," which states that the limitations period begins when a potential plaintiff has a "complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*,

---

sovereign immunity for constitutional torts" (citations omitted)). Mr. Carr is thus barred from seeking damages from the Department of Justice or the United States.

[10] Ultimately, it makes no difference whether District of Columbia or Ohio law is the appropriate source for the Court's statute of limitations analysis. Under Ohio law, *Bivens* cases are governed by the two-year limitations period found in Ohio Code § 2305.10. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989). This time frame is even less forgiving than the District of Columbia's three-year period.

13

312 U.S. 96, 98 (1941)). In certain circumstances, however, a court applies the "discovery rule," under which the limitations period begins only when "the plaintiff discovers, or through due diligence should have discovered, the injury supporting the legal claim. *Coulibaly*, 278 F. Supp. 3d at 300 (quoting *Lattisaw v. District of Columbia*, 18 F. Supp. 3d 142, 157 (D.D.C. 2015)); *see also Barbaro v. U.S. ex rel. Fed. Bureau of Prisons FCI Otisville*, 521 F. Supp. 2d 276, 280 (S.D.N.Y. 2007) ("The discovery rule . . . governs *Bivens* actions." (citing *Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 200 (2d Cir. 2001); *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998))). The Court need not decide which rule applies here, because Mr. Carr's claims are barred under either.

The limitations period for Mr. Carr's claims arising from Marshal Kimmet's allegedly false statements began on or around May 1, 2007, when Marshal Kimmet submitted his statement of probable cause. *See* Compl. Ex. 23, ECF No. 1-1 at 203–21.[11] The limitations period for Mr. Carr's claims arising from the alleged threats made by the Marshals and FBI Agents began shortly after, when Mr. Carr states the threats were made. *See* Compl. ¶82 (stating that around March 1, 2008, "US Marshal Joel J. Kimmet, Special F.B.I. Agent Terrence Moran, both threatened Mr. Carr's life."). And the limitations period for Mr. Carr's claims arising from Ms. Williams's alleged illegal conduct began in March 2012, when Ms. Williams filed her Sixth Circuit brief. *See* Br. for Appellee, *United States v. Carr*, No. 11-4199 (6th Cir. Mar. 2, 2012). Because that alleged conduct took place at least six years ago, well outside the three-year

---

[11] Although Mr. Carr may not have learned about the allegedly false statements on the day they were submitted, the record indicates that he was informed of these statements over the following months. *See* Compl. Ex. 23 (containing the docket summary of Mr. Carr's criminal case, *USA v. Carr*, No. 07-cr-0107 (S.D. Ohio 2007), including references to a May 3, 2007 hearing during which Mr. Carr was "informed of his rights and the charges against him," the July 17, 2007 unsealing of the government's complaint containing the allegedly false statements, and a July 17, 2007 probable cause hearing), ECF No. 1-1 at 217–21.

statutory periods, Mr. Carr's claims arising from post-2006 conduct are time barred. The Court thus dismisses those claims under Federal Rule 12(b)(6).

## C. Mr. Carr's Motion to Amend

Finally, the Court turns to Mr. Carr's motion to amend the complaint to add intentional tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), not raised in his initial complaint. *See* Pl.'s Mot. Amend at 1. The government argues that Mr. Carr's motion to amend his complaint should be denied for futility. "Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss." *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010) (citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)); *see also Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016). In other words, "review for futility 'is, for practical purposes, identical to review of a Rule 12(b)(6)' motion to dismiss." *Driscoll v. George Washington Univ.*, 42 F. Supp. 3d 52, 57 (D.D.C. 2012) (quoting *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215–16 (D.C. Cir. 2010)).

Even applying the liberal *pro se* pleading standards, Mr. Carr's proposed amendment would not survive a motion to dismiss. Mr. Carr's proposed intentional tort claims challenge the same conduct by the same actors challenged in the initial complaint, and suffer from the same defects as that complaint.[12] Thus, Mr. Carr's proposed intentional tort claims arising from pre-

---

[12] In addition to the reasons laid out below, Mr. Carr's proposed complaint amendment cannot avoid the government's sovereign immunity. Although Mr. Carr characterizes his proposed claims as "intentional torts" under the FTCA, *see* Pls. Mot. to Amend at 1, in large part those claims are still based on alleged constitutional violations, *see id.* at 11 (stating that in March 2007, Mr. Carr was "taken at gunpoint by over [twenty-five] federal agents . . . was not read [his] Miranda rights," and "did not talk to an [a]ttorney for [nine] months of incarceration."). Again, sovereign immunity shields the United States from money damages arising from its own alleged constitutional violations and those of its agencies and its employees in their official capacities; immunity that the FTCA does not waive. *See Epps*, 575 F. Supp. 2d at 238.

15

2007 conduct are barred by *res judicata*.[13] And Mr. Carr's proposed intentional tort claims arising from more recent conduct are subject to the two-year statute of limitations established by the FTCA. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). They are time barred for the reasons stated above.[14] Because Mr. Carr's proposed complaint amendment would not survive a motion to dismiss, the court denies Mr. Carr's motion to amend as futile.

## V. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the government's Motion to Dismiss (ECF No. 7) is **GRANTED** and Mr. Carr's Motion to Amend the Complaint (ECF No. 14) is **DENIED**. The Court **FURTHER ORDERS** that this action is **DISMISSED WITH PREJUDICE**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: February 25, 2019                                  RUDOLPH CONTRERAS
                                                                                          United States District Judge

---

[13] Even if Mr. Carr did not assert identical intentional tort claims in his 2006 complaint, *res judicata* still applies because Mr. Carr *could have* raised those claims in 2006. *See Ashbourne*, 245 F. Supp. 3d at 104 (barring the plaintiff's claims under *res judicata*, "[a]lthough [the plaintiff] [] pursued different legal claims . . . than" in the earlier matter, because the claims shared the same nucleus of facts).

[14] In addition, 28 U.S.C. § 2675 requires that, prior to filing an FTCA suit against the federal government or a federal agency, a plaintiff "present[] the claim to the appropriate [f]ederal agency." This requirement is jurisdictional. *See Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984). Mr. Carr has not demonstrated that he made such a demand before seeking to amend his complaint to add FTCA claims.